■ Diana M. Scola et al., Appellants, v County of Nassau et al., Respondents. [646 NYS2d 852] —In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated December 19, 1994, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' theory of liability, as presented through expert testimony, was that the defendants were negligent in examining the plaintiff mother and this negligence resulted in a failure to diagnose that she was suffering from an "abruptio placenta". Following that examination the mother was sent home. The following day she returned, and the infant was delivered by emergency cesarean section. It was determined that the mother was then suffering from an abruptio placenta, which resulted in a deprivation of oxygen to the infant, causing brain damage.

The defendants doctors and their medical expert testified that the mother was appropriately examined on her initial visit to the hospital, and she was not suffering at that time from an abruptio placenta. The expert testified that that condition did not commence until the day after the examination, when the mother returned to the hospital and the cesarean section was performed. Over the plaintiffs' objections, the court submitted to the jury, as the first interrogatory, the question of whether the mother was suffering from an abruptio placenta at the time of the initial examination. If the jury found she was not, they were to report that finding to the court. The jury did so find, and judgment was entered in favor of the defendants. The plaintiffs' motion to set aside the verdict was denied.

Because the plaintiffs' expert testified that it was the defendants' negligence in failing to diagnose the abruptio placenta during the initial examination that resulted in the injury to the infant, and the defendants' expert testified that the mother was not in fact suffering from that condition at that time, it was not error for the court to require the jury to first determine whether the mother was suffering from that condition at the time of the initial examination before it could determine whether any negligence by the defendants was a proximate cause of the plaintiff infant's injuries (cf., *Zimmerman v Jamaica Hosp.* 143 AD2d 86, 87). The jury's finding that the mother was not suffering from an abruptio placenta at the time of the initial examination was not against the weight of the evidence. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.